## REUBEN B. HATCH

### *v.*

## JOHN ANTRIM.

GUARANTY—*what constitutes.* Where a merchant sells goods to another, upon an arrangement that a third party is to collect the account and pay the same to the merchant, for which, as collector, he is to receive a commission of ten per cent., and such third party is furnished with duplicate bills of account, which are made out in the name of the purchaser, and across the face of the bills retained by the merchant, such third party writes the word "accepted," to which he affixes his signature, in an action by the merchant, against him, for the amount of the bills so accepted, and remaining unpaid, *it was held*, that the credit so given was given to the purchaser, and that the word "accepted," written on an account, does not import a guaranty of its payment by the person making the indorsement, and that under such an agreement he could only be held to reasonable care and diligence in the performance of the undertaking, and not liable as guarantor.

WRIT OF ERROR to the Circuit Court of Alexander county; DAVID T. LINEGAR, Esq., acting Judge, by agreement of parties.

The facts are fully presented in the opinion.

Mr. JOHN H. WILLIAMS, for the plaintiff in error.

Messrs. MULKEY, WALL & WHEELER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court :

On the 29th day of July, 1862, defendant in error brought an action of assumpsit, against plaintiff in error, in the Alexander Circuit Court. The declaration contained nine counts, the first seven being special, and the others general. A demurrer was interposed to the special counts, and sustained to the second, third, fourth and fifth, and overruled as to the others. There was an issue on all of the counts to which a demurrer was not sustained. At the November term, 1865, the case was tried by the court, a jury having been dispensed with by consent of the parties, when the issues were found for plaintiff, and judgment rendered against defendant for $919.26 damages, and the costs of suit.

It appeared on the trial in the circuit court, that defendant in error was a clothing merchant in the city of Cairo, and plaintiff in error was quartermaster of Gen. B. M. Prentiss' brigade of the three months volunteers, and that plaintiff in error, in the spring of 1861, made some kind of arrangement with defendant in error to furnish officers belonging to the brigade with military clothing, such as they might want, as the paymaster would not pay the men before their service would expire. What this arrangement was does not very satisfactorily appear. Some of the witnesses testify that plaintiff in error was to guarantee or become personally responsible for the goods purchased by the men, while other portions of the evidence would seem strongly to indicate that he was but to collect these bills for defendant in error, and to receive ten per cent. commissions for the service.

Whatever may have been the true character of the arrangement, it does appear that plaintiff in error, or his clerk, indorsed the bills in duplicate, one of which, in each case, was retained, and the other returned to defendant in error.

The bills are made out by defendant in error against the persons who purchased the goods, in the usual form, and certified to be correct by an officer of the company to which the purchasers belonged, and across the face of each bill is written, "Accepted: R. B. Hatch, Br. Q. M." The evidence shows, that when the men were paid by the paymaster, plaintiff in error, or his clerk, was present and received the amount of the bills against a portion of the officers, and that a considerable portion of the amount thus sold by defendant in error was paid by plaintiff in error to him. But whether all thus received was paid does not very satisfactorily appear, but the evidence does not show that he retained any portion of the amount for which judgment was rendered.

To hold plaintiff in error responsible for goods sold to others, the evidence should be satisfactory that he guarantied the payment, or had received the means from the purchasers with which to pay the accounts. In this case the evidence is not sufficient to establish either of these facts. The fact that defendant in error did not charge the goods to plaintiff in error clearly implies that the credit was not given to him, as, in the usual course of business, goods are charged to the person to whom the creditor looks for payment. In the next place, if plaintiff in error had agreed to guarantee the payment, it would have been as easy to write the word guarantied across the face of the bill, as accepted. And if so written and signed, it would have fixed the liability of a guarantor. And among business men we would expect to find an indorsement of that character if that was the liability intended to be created by plaintiff in error. The word accepted, written on an account, does not import a guaranty of its payment by the person making the indorsement. It is unusual in that connection, and no doubt refers to some arrangement entered into by the parties, the nature of which should be explained before its force can be seen.

If the evidence of Hanny is to be taken as giving the true version of the arrangement between the parties, when he says

that defendant in error was to furnish goods to the men and
they were to be charged to plaintiff in error, we then find that
such a bill was made, charged to and paid by him.  But the
goods for which the suit was brought were not charged to him,
but to the persons who purchased them.  We must presume
that the bill rendered by defendant in error, when called upon
for the account of plaintiff in error, and which was paid by him
and receipted by defendant in error, was for the goods sold
under this arrangement.  If not, when called upon for a settle-
ment, why not have furnished this bill as well as the other?  The
bill which was paid and receipted seems to contain items pur-
chased by other persons and charged to plaintiff in error, and
must have been under the arrangement to which Hanny
swears.

If plaintiff in error failed to collect that bill of the various
persons to whom the goods were furnished, that would explain
his statement that he would lose two or three hundred dollars,
as it amounts to nearly the former sum.  And if he referred
to that bill—and there is no evidence that he referred to the
various accounts which were indorsed accepted by him—it
does not follow that he admitted the receipt of all but two or
three hundred dollars of the accounts upon which this suit is
based.

It may have been in reference to these accounts that plain-
tiff in error, for the commission that he says he was to receive,
undertook to collect such accounts as he indorsed when the
men should be paid, and, if so, that would not amount to a
guaranty.  If such was the agreement, he would only be held
to reasonable care and diligence in the performance of the
undertaking, and not liable as a guarantor.  It is true, one
witness testifies that plaintiff in error agreed to guarantee the
payment of goods furnished to the officers on his account, but
we have seen such goods were furnished, charged to plaintiff
in error, and paid by him ; and we are unable to see, from the
evidence, that this did not fully meet his guaranty.  When
considered together, we are of the opinion that the evidence

fails to establish liability of plaintiff in error on these accounts, and we must remand the case to be passed upon by another jury.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*